UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBRADO CERVENTEZ GARZA,

       Petitioner,

                                CASE NO. 2:07-CV-14011
v.                                  JUDGE DENISE PAGE HOOD
                                MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS BIRKETT[1],

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

1.     Petitioner Librado Cerventez Garza is a state prisoner, currently confined at the Standish Maximum Correctional Facility in Standish, Michigan.

2.     On May 31, 2006 petitioner pleaded no contest to armed robbery, MICH. COMP. LAWS § 750.529, in the Muskegon County Circuit Court. On June 19, 2006, he was sentenced to a term of 14 to 40 years' imprisonment.

3.     Petitioner filed an application for leave to appeal in the Michigan Court of Appeals

---

[1] By Order entered this date, Thomas Birkett has been substituted in place of Millicent Warren as the proper respondent in this action.

1

raising, through counsel, the following claim:

> I. DEFENDANT'S PLEA SHOULD BE WITHDRAWN WHEN THE INTEREST OF JUSTICE WOULD SO REQUIRE SINCE DEFENDANT WAS NOT GUILTY OF THE OFFENSE, DEFENDANT DID NOT UNDERSTAND THE "NO CONTEST" PLEA, AND THERE WOULDHAVE BEEN NO PREJUDICE TO THE PROSECUTION.

The court of appeals found no merit to petitioner's claims, and denied his leave to appeal. *See People v. Garza*, No. 275179 (Mich. Ct. App. Jan. 25, 2007).

4. Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Garza* , 478 Mich. 927, 732 N.W.2d 926 (2007).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 24, 2007. As grounds for the writ of habeas corpus, he raises the same claim.

6. Respondent filed his answer on January 17, 2008. He contends that petitioner's claims are not cognizable.

B. *Factual Background Underlying Petitioner's Conviction*

Petitioner was originally charged with armed robbery, two counts of breaking and entering a building with intent to commit larceny, and resisting and obstructing a police officer. Resp't's Answer at 5. Petitioner agreed to plead no contest to armed robbery and being a fourth habitual offender in exchange for dismissal of his other charged offenses. Pet. Application for Leave to Appeal at 4. At the time of the plea petitioner testified that he understood the charges brought against him and the maximum possible sentence for the offense. Plea Tr. at 6-8. The trial court described the four pleas that were available to petitioner and ensured that petitioner understood what it means to waive a constitutional right:

> The Court: The first plea is [no contest]. It is a plea in which the Defendant elects not to contest the charge brought against him by the prosecutor. If offered to the Court and accepted, it will be treated as a plea of guilty…Mr. Garza, do you understand these pleas?
>
> [Petitioner]: Yes, Your Honor.
>
> The Court: Do you know what it means to 'waive' a constitutional right?
>
> [Petitioner]: Yes, Your Honor.
>
> *Id.* at 9-10

The petitioner was later informed of the rights he was waiving with a no contest plea, and the court also made certain petitioner understood this waiver:

> The Court: If your pleas are accepted, you will not have a trial of any kind. So you give up the rights you would have at a trial, including the rights to trial by a jury, to trial by the Court without a jury if you choose and the prosecution and Court consent, to be presumed innocent until proven guilty, to have the prosecutor prove beyond a reasonable doubt that you are guilty, to have the witnesses against you appear at the trial, to question the witnesses against you, to have the Court order any witnesses you have for your defense to appear at the trial, to not have your silence used against you, and to testify at the trial if you want to testify.
>
> Mr. Garza, do you understand that by pleading no contest you are giving up all of those rights as to the charge of armed robbery?
>
> [Petitioner]: Yes, Your Honor.
>
> *Id*. at 11

The trial court also informed petitioner of the rights he waived by pleading guilty to being a fourth time habitual offender:

> The Court: [D]o you understand that by pleading guilty to the charge of being a habitual felon, fourth-felony offense, that as to that charge you are giving up all the other rights I have just listed?

3

>[Petitioner]: Yes, Your Honor.

*Id.* at 11-12

The trial court then verified that petitioner's pleas of no contest and guilty were not coerced and of his own free will:

>The Court: Sir, do you understand that if your pleas are accepted, you will be giving up any claim that your pleas were the result of any promises or threats that were not disclosed to the Court at this plea proceeding, or that it was not your own free choice to enter the pleas.
>
>Do you understand that?
>
>[Petitioner]: Yes, Your Honor.

*Id.* at 12

Petitioner was sentenced pursuant to a *Cobbs* agreement[2] to a maximum minimum sentence of 14 years incarceration and a maximum sentence of 40 years. (Resp't's Ans., 5). The trial court verified that petitioner understood this agreement, that he was not coerced into agreeing to it, and that there were no other promises made besides those in the agreement:

>The Court: Mr. Garza, is that your understanding of any and all agreements regarding your pleas?
>
>[Petitioner]: Yes, Your Honor.
>
>The Court: Sir, has anyone promised you anything beyond what's in those agreements to get you to plead?
>
>[Petitioner]: No, Your Honor.
>
>The Court: Has anyone threatened you to get you to plead?

---

[2] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence imposed is more severe.

> [Petitioner]: No, Your Honor.
>
> The Court: Is it your own free choice to enter these pleas?
>
> [Petitioner]: Yes, Your Honor.
>
> Plea Tr. at 14

At sentencing, petitioner asked to withdraw his plea, stating that he was not guilty of the armed robbery offense. Sentence Tr. at 4. Petitioner explained that he did not understand what a no contest plea meant:

> [Petitioner]: I ain't willing to…go to prison for something I didn't do when the charges that I did do is the ones that I should be going to court for. That's why I would like to withdraw my plea. I didn't understand the whole thing about no contest, you know. I don't know that much about the law.
>
> *Id*. (sic)

The court stated that the petitioner should have understood the no contest plea because the court had read directly from the plea script and asked the petitioner repeatedly whether or not he understood the meaning and consequences of his pleas. *Id.* at 4, 6, 7, 10. Petitioner then contended that he made the no contest plea because his attorney insisted that it was in his best interests:

> [Petitioner]: [T]hat was because the intention of my lawyer, what he had told me. I'm thinking that it's going right from my lawyer, you know. I mean, he knows more than I do. So it's the best in his interests to help me out.
>
> *Id*. at 4-5

The court insisted that the attorney did in fact have petitioner's best interests in mind with a no contest plea because petitioner could have had a 30-year minimum and instead had a 14-year minimum. *Id*. at 5, 8. The court stated that if there were any thought that petitioner was innocent the court would grant the withdrawal. *Id.* at 8. However, the court referred to the police report and

insisted that petitioner was a part of the armed robbery, despite his statements otherwise. *Id*.

The court denied petitioner's motion to withdraw his plea and sentenced petitioner to 14 year to 40 years. *Id*. at 11-12. Petitioner presented the same claim to the state courts on appeal, and was denied by both state appellate courts. Resp't's Answer at 5.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts

them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Analysis*

Petitioner contends that his plea should be withdrawn because he did not understand what "no contest" meant and he is not guilty of the offense. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

Petitioner's claim is not cognizable on habeas review because a federal habeas court may not correct a state court's misapplication of its own law, *see*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990), errors in application of state law are not to be questioned in habeas courts. As one court has explained:

> The criteria for a trial court in granting or denying a new trial are maters of state law. As such an incorrect application would not be grounds for federal habeas corpus relief, unless the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."

*Ward v. Wolff*, 499 F. Supp. 1129, 1131 (D. Nev. 1980) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Additionally, a violation of a state rule of law does not ordinarily present a federal constitutional question. *Estelle*, 502 U.S. at 67-68.

Here, petitioner does not have a constitutional right to withdraw his voluntary plea. *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2nd Cir. 1970), Cert. denied, 402 U.S. 909 (1971); *United States v. Smith*, 422 F.3d 715 (8th Cir. 2005), A defendant has no absolute right to

8

withdraw a guilty plea before sentencing, and the decision to allow or deny the motion remains within the sound discretion of the trial court. Unless the plea violated a clearly-established constitutional right, the allowance of withdrawal of no contest pleas is discretionary with the trial court. *Hoffman v. Jones*, 159 F. Supp 2d 648, 655 (E.D. Mich 2001); *Scott*, 429 F.2d at 109. Generally, petitioner's plea must be voluntarily and intelligently made. *United States v. Broce*, 488 U.S. 563, 569 (1989). In order for plea to be voluntary, petitioner must understand the nature of the charges against him and the constitutional protections that he is waiving. *Hoffman*, 159 F. Supp 2d at 655; *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). In order for the plea to be intelligently made it must be done "with sufficient awareness of the relevant circumstances and likely consequences." *Hoffman*, 159 F. Supp 2d at 655 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).

As summarized in the facts stated above, petitioner was well informed of the charges against him and the constitutional protections he was waiving. The court verified more than once that petitioner understood the offenses he was pleading no contest to and the maximum penalties they carried. Plea Tr. At 6-8. The court also thoroughly explained the constitutional rights petitioner was waiving and verified that petitioner understood what it meant to "waive." *See id.* at 3. Petitioner stated that he was neither coerced into pleading no contest nor was he promised extra stipulations than those contained in the agreement. *See id.* at 4-5. Petitioner's conclusory assertion that he did not understand his plea is insufficient to overcome these declarations under oath at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declaration in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

9

incredible.") The trial judge's decision to refuse the withdrawal was not arbitrary and, therefore, not an abuse of the trial court's discretion. *Scott*, 429 F.2d at 110. The record demonstrates that petitioner's plea was given knowingly and voluntarily, and therefore this claim is not cognizable on habeas review.

Petitioner also suggests that he should have been permitted to withdraw his plea because he is innocent of the charge for which he was convicted. Petitioner also claims that he is entitled to habeas relief because he is innocent of the crime to which he pleaded *nolo contendere*, and because he should have been permitted to withdraw his plea. This claim does not present a cognizable basis for habeas relief.

A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence

relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus, the newly discovered evidence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered but prior to sentencing render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided nearly forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).[3] "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F.

---

[3] In *Alford*, the Court observed that it is appropriate to impose special safeguards when a defendant pleads guilty while maintaining his innocence to insure that the decision to plead guilty is an intelligent choice in light of the circumstances facing the defendant. *See Alford*, 400 U.S. at 38 n.10. Petitioner did not maintain his innocence at the time the plea was taken, and thus these special rules are

11

Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

As noted above, petitioner had no constitutional right to withdraw his validity entered plea. Further, even under the standard applicable to pleas in federal court under FED. R. CRIM. P. 11, petitioner cannot show that he would be entitled to withdrawal of his plea. Under this standard, a claim of innocence alone does not entitle a defendant to withdraw his plea; rather, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), *aff'd*, 264 Fed. Appx. 2 (D.C. Cir. 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007). To be entitled to withdrawal, a "defendant must come forward with some evidentiary support for his innocence." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *see also*, *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). Here, petitioner does not have any evidentiary support for his claim of innocence. Rather, he merely asserts in conclusory fashion that he is innocent, notwithstanding the evidence of his guilt presented in the police report which was used to establish a factual basis for his plea. In short, "[t]he fact that petitioner tried to back out of the 'bargain' by asserting his innocence after entering his plea . . . does not, per se, make the previously entered plea involuntary[, and his] allegation of innocence alone is not sufficient to compel the granting of a motion to withdraw a guilty plea." *Hansen*, 296 F. Supp. at 1331. Further, his claim of innocence standing alone provides no basis for habeas relief. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

---

inapplicable here.

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<u>s/Paul J. Komives</u><br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2009

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and Librado Cerventez Garza  by electronic means or U.S. Mail on June 30, 2009.
>
>                             s/Eddrey Butts