# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LIBRADO CERVENTEZ GARZA,**

   **Petitioner,**          Case No. 07-14011
vs.                HONORABLE DENISE PAGE HOOD

**THOMAS BIRKETT,**

   **Respondent.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

  This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated June 30, 2009. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

  The Magistrate Judge recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus. After review of Petitioner's Petition for Writ of Habeas Corpus, Respondent's Response in Opposition to Petitioner's Petition for Writ of Habeas Corpus and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion for the proper reasons. Petitioner is not entitled to habeas corpus relief; the state courts' resolution of his claim did not result in a decision that was contrary to, or which involved an unreasonable application of, clearly established federal law.

  Before Petitioner may appeal the Court's dispositive decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App.

P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his Petition for Writ of Habeas Corpus, Petitioner raised one claim, specifically that his plea of no contest should be withdrawn because he is innocent of the offense for which he was convicted and he did not understand the meaning of 'no contest.' The Court concludes that jurists of reason would not find this Court's assessment of Petitioner's claim debatable or wrong. This Court held that Petitioner had no constitutional right to withdraw his voluntary plea. *See United States ex rel. Scott v. Mancusi*, 429 F. 2d 104, 109 (2nd Cir. 1970); *United States v. Smith*, 422 F. 3d 715 (8th Cir. 2005). The record established that Petitioner's plea did not violate a clearly established federal right, was given voluntarily and knowingly, and his assertion that he did not understand his plea was insufficient to overcome his declarations under oath at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The Court also concluded that in order to be entitled to withdraw his plea, Petitioner was required, but failed to come forward with some evidentiary support of his innocence. *United States v. Abedelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *United States v. Hodges*, 259 F. 3d 655, 661 (7th Cir. 2001). Because he failed to provide any evidence suggesting his innocence, his

allegation of innocence, without more, is insufficient to grant the relief he requests. *Hansen v. Mathews*, 296 F. Supp. 1328, 1331 (E.D. Wis. 1969). Based on the foregoing, Petitioner is not entitled to a Certificate of Appealability.

Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives' Report and Recommendation [**Docket No. 13, filed June 30, 2009**] is ACCEPTED and ADOPTED and this Court's factual findings and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Petition for the Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager